T.C. Memo. 2005-170


UNITED STATES TAX COURT


ROBERT H. GOLDEN AND JUDITH A. GOLDEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16694-04L.          Filed July 11, 2005.


Robert H. Golden and Judith A. Golden, pro sese.

<u>A. Gary Begun</u>, for respondent.


MEMORANDUM OPINION


DEAN, <u>Special Trial Judge</u>:  This case is before the Court on respondent's motion for partial summary judgment filed pursuant to Rule 121.  All Rule references are to the Tax Court Rules of Practice and Procedure.  All section references are to the Internal Revenue Code of 1986, as amended.

The motion arises in the context of a petition filed in response to a notice of determination concerning collection action under section 6330 sent to petitioners and a notice of determination concerning relief from joint liability under section 6015 sent to Ms. Golden. Respondent moves for partial summary judgment with respect to collection issues other than Ms. Golden's request for spousal relief. The section 6015 claim will be dealt with separately at a later date.

## Background

### Origin of the Tax Liabilities

As alleged in the petition in this case, in 1976 and 1977, Robert H. Golden (petitioner) invested $29,000 in a partnership in which he had no management duties and with which he had minimal contact. Petitioners claimed tax losses on their joint Federal income tax returns for the years 1974 through 1981 using information sent to them in yearly Schedules K-1, Partner's Share of Income Deductions, Credits, etc.

Further, according to the petition, during 1981 petitioners were advised by the Internal Revenue Service (IRS) that the partnership was under investigation and that losses generated by the partnership might be disallowed. The petition alleges that for several years petitioners agreed to extend the period of limitations while IRS investigated the partnership.

Attached to respondent's motion for partial summary judgment is a partial copy of a statutory notice of deficiency dated June 1, 1990, issued to petitioners for the following years and amounts:

| Year | Deficiency |
|------|------------|
| 1974 | $1,551.00 |
| 1977 | 16,718.00 |
| 1978 | 5,567.00 |
| 1979 | 6,706.30 |
| 1980 | 4,166.00 |
| 1981 | 3,994.00 |

Also attached to respondent's motion is a copy of a stipulated decision of this Court, entered February 7, 1994, in the case of Robert H. Golden and Judith A. Golden, docket No. 18777-90, ordering and deciding that there are deficiencies in income taxes due from petitioners as follows:

| Year | Deficiency |
|------|------------|
| 1974 | $1,551.00 |
| 1977 | 2,218.00 |
| 1978 | 5,567.00 |
| 1979 | 6,706.30 |
| 1980 | 4,166.00 |
| 1981 | 3,994.00 |

Evidence of the Assessments

Certified copies of Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, attached as exhibits to respondent's motion, show that the above-stipulated deficiencies were assessed by the IRS on May 10, 1994. Petitioners were subsequently notified of their outstanding tax liabilities by

letter, and on August 20, 2003, were issued a notice of intent to levy and advised of their right to a hearing. On September 16, 2003, respondent received a Form 12153, Request For A Collection Due Process Hearing, dated by petitioners as September 15, 2003.

Petitioners' Allegations of Error

In their petition, petitioners allege a number of "Counts", which in essence raise three issues: (1) That the expiration of the period of limitations on assessment, and the expiration of the period of limitations for collections each bar respondent from collecting liabilities for the years at issue; (2) that the partnership investments that generated the liabilities were not tax-motivated transactions warranting increased interest, and (3) that Judith A. Golden is entitled to section 6015 relief. Respondent's motion is directed only to the first two issues.

## Discussion

Respondent requests in the motion that the Court determine, as a matter of law, that petitioners cannot contest the expiration of the period of limitations on assessment, and that as a matter of law, the period of limitations on collection of the tax liabilities at issue here has not expired.

Standard for Granting Summary Judgment

The standard for granting a motion for summary judgment under Rule 121 is stated in the rule itself.

A decision shall * * * be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * * [Rule 121(b).]

Rule 121(d) provides that, when a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial."

Respondent poses two legal bases upon which to rest a favorable ruling on his motion for partial summary judgment. Respondent argues that as a matter of law, petitioners' argument concerning the period of limitations on assessment and the nature of their partnership investments, potential issues in the prior Tax Court litigation, are precluded from litigation in this case due to statutory and caselaw principles. Respondent also argues that he has shown that there remains no material issue of fact with respect to whether the period of limitations on collection has expired. The Court agrees with respondent on both issues.

Timely Notice of Deficiency

Section 6330 Review

Taxpayers may present at a section 6330 hearing challenges to the existence or amount of the underlying tax liability "if the person did not receive any statutory notice of deficiency for such liability". Sec. 6330(c)(2)(B).

Petitioners' claims as to whether the statutory notice of deficiency was issued within the period of limitations constitute

challenges to the underlying tax liabilities.  <u>Hoffman v. Commissioner</u>, 119 T.C. 140, 145 (2002); <u>Rodriquez v. Commissioner</u>, T.C. Memo. 2003-153;  <u>MacElvain v. Commissioner</u>, T.C. Memo. 2000-320.

That petitioners received and contested a notice of deficiency for 1974, 1977, 1978, 1979, 1980, and 1981, resulting in the entry of a stipulated decision that there are deficiencies in their income taxes for those years, is not in dispute. Petitioners are therefore precluded by section 6330(d)(2)(B) from challenging the amounts of the deficiencies or the timeliness of the statutory notice as a matter of law.

<u>Res Judicata</u>

Petitioners are precluded not only by operation of section 6330(c)(2)(B) from raising the issue of the period of limitations on assessment; they are so precluded by the doctrine of res judicata.  At the hearing on respondent's motion, the Court questioned petitioner, a practicing attorney, as to the application of the doctrine of res judicata to this case.  In petitioners' brief in opposition to respondent's motion, petitioners assert that the questioning by the Court was a surprise because "Res Judicata was not mentioned in the written motion by the Respondent".  The Court calls petitioners' attention to pages 16 through 20 of respondent's motion.  There, respondent argues that due to the application of the doctrine of

res judicata petitioners are precluded from questioning here the validity of the notice of deficiency that were the subject of the prior litigation.

The Supreme Court in Commissioner v. Sunnen, 333 U.S. 591, 597 (1948), summarized the judicial doctrine of res judicata, also known as claim preclusion, as follows:

> The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment. * * *

As to the application of the doctrine in the context of tax litigation the Court stated:

> Income taxes are levied on an annual basis. Each year is the origin of a new liability and of a separate cause of action. Thus if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year. * * * [Id. at 598.]

As a general rule, where the Tax Court has entered a decision for a taxable year, both the taxpayer and the Commissioner (with certain exceptions) are barred from reopening that year. Hemmings v. Commissioner, 104 T.C. 221, 233 (1995). It has also been held that "the Tax Court's jurisdiction, once it

attaches, extends to the entire subject of the correct tax for the particular year." Erickson v. United States, 159 Ct. Cl. 202, 309 F.2d 760, 767 (1962).

An agreed or stipulated judgment is a judgment on the merits for purposes of res judicata. In re Baker, 74 F.3d 906, 910 (9th Cir. 1996); see also United States v. Intl. Bldg. Co., 345 U.S. 502, 503-506 (1953) (recognizing res judicata effect of stipulated Tax Court decisions); accord Erickson v. United States, supra at 768; Krueger v. Commissioner, 48 T.C. 824, 828-829 (1967).

Respondent issued to petitioners a notice of deficiency with respect to the subject taxable years, petitioners petitioned for redetermination, and the case was concluded without trial by entry of a stipulated decision on February 7, 1994. Here, petitioners would like to argue that the statutory notice of deficiency was issued outside the period of limitations for the years involved. Petitioners could have made this challenge in their pleadings in the earlier Tax Court proceeding as an affirmative defense under Rule 39, Pleading Special Matters.

The validity of the notice of deficiency is a matter that could have been raised and litigated in connection with the deficiency proceeding, involving these same petitioners, and the same tax years. Because the decision in that case was not appealed and has since become final, res judicata precludes

petitioners from now disputing the amounts of the deficiencies or the timeliness of the statutory notice in this collection action. See <u>Newstat v. Commissioner</u>, T.C. Memo. 2004-208.

<u>Period of Limitations on Collection</u>

Petitioners argue that even if the period of limitations on assessment had not expired when the notice was issued, or the issue is precluded from dispute here, respondent's proposed collection action is outside the period of limitations on collection.

Section 6502, Collection After Assessment, provides that where an assessment has been timely made, the tax may be collected by levy or proceeding that is begun "within 10 years after the assessment of the tax".  The Forms 4340 show that the stipulated deficiencies entered by the Court's decision of February 7, 1994, were assessed by the IRS 92 days later, on May 10, 1994.  After a notice of deficiency is mailed, the running of the period of limitations on assessment is suspended until the decision of the Tax Court becomes final, after 90 days without an appeal, and for 60 days thereafter.  Sec. 6503; see also secs. 7481, 7483.[1]

_____

[1]Although not specifically framed by petitioners, their general argument that "the statute of limitations on assessment had run" could subsume the argument that the assessments after entry of decision were untimely.  As can be seen from the pertinent dates, the assessments were in fact timely made.

On August 20, 2003, respondent issued a notice of intent to levy and right to a hearing for the tax years at issue. On September 16, 2003, respondent received petitioners' request for a hearing under section 6330. The date petitioners mailed their request for a hearing under section 6330 was less than 10 years from the date of the assessments. Once the request for hearing was made, the running of the period of limitations on collection was suspended and remains suspended until the 90th day after the day on which there is a final determination in this case. Sec. 6330(e)(1); Boyd v. Commissioner, 117 T.C. 127, 130-131 (2001); sec. 301.6330-1(g), Proced. & Admin. Regs.

Petitioners argue that there "must have been" earlier assessments for the years at issue. There "must have been" earlier assessments because there was an assessment in 1987 for a year not at issue, 1976,[2] that was "from the same source", the partnership, according to petitioners. Indeed, petitioners sought formal discovery from respondent of any documents that would show assessments for the years at issue other than those made after the Court's entry of decision. Respondent denied the existence of any such assessments, offering Forms 4340 as proof.

---

[2]In petitioners' brief in opposition to respondent's motion and at oral argument on the motion, petitioners identify the year as 1977 but a Copy of Form 668, Certificate of Release of Federal Tax Lien, attached to petitioners' brief, refers to "Tax Period Ending" Dec. 31, 1976.

Petitioners have provided no evidence that any assessments of tax for the years at issue ever took place prior to May 10, 1994.

Respondent, after adequate time for discovery, has made a showing from the record of a complete failure of proof concerning an essential element of petitioners' claim, and on which petitioners would bear the burden of proof at trial. Rule 142(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986). There can be no genuine issue as to any material fact with respect to petitioners' claim that the period of limitations for collection has expired. Because petitioners have failed to set forth specific facts showing that there is a genuine issue for trial as to the expiration of the period of limitations on collection, respondent is entitled to a summary disposition in his favor. Rule 121(d).

## Conclusion

The Court finds as a matter of law that petitioners are barred from contesting the existence, amounts, and timeliness of the underlying assessments in this case, and that the period of limitations on collection of the assessments here has not expired.

An appropriate order will be issued granting respondent's motion for partial summary judgment.