T.C. Memo. 2005-295


UNITED STATES TAX COURT


GLORIA POMERANTZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5218-05L.               Filed December 22, 2005.


<u>Richard E. Preston</u> and <u>Suyeun Jacqueline Pyun</u>, for

petitioner.

<u>Jeffrey Gold</u>, for respondent.


MEMORANDUM OPINION


ARMEN, <u>Special Trial Judge</u>:  This collection review case is

before the Court on respondent's Motion For Summary Judgment.[1]

As explained in detail below, we shall grant respondent's motion.

--------

[1]  All section references are to the Internal Revenue Code,
as amended, and all Rule references are to the Tax Court Rules of
Practice and Procedure.

## Background

Gloria Pomerantz (petitioner) is an attorney. Petitioner timely filed Forms 1040, U.S. Individual Income Tax Return, for 1995 and 1996. Respondent subsequently initiated an examination of petitioner's returns for those years.

On November 3, 2003, petitioner executed and submitted to respondent a Form 2848, Power of Attorney and Declaration of Representative, appointing Allan Serchay (Mr. Serchay), identified as a certified public accountant, to act as her representative with regard to Federal income tax matters for 1995 through 1998. Paragraph 5 of the Form 2848 states:

> **Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the authority to execute a request for a tax return, or a consent to disclose tax information unless specifically added below, or the power to sign certain returns.

The remainder of paragraph 5 of the Form 2848, which allows a taxpayer to list specific additions or deletions to the acts that the representative is authorized to perform, is blank.

On January 30, 2004, Mr. Serchay executed, on petitioner's behalf, a Form 4549, Income Tax Examination Changes, consenting to the immediate assessment and collection of increased taxes, interest, and fraud penalties for petitioner's taxable years 1995

and 1996. Pursuant to that consent, respondent assessed the following amounts on March 8, 2004:

|                | 1995        | 1996       |
|----------------|-------------|------------|
| additional tax | $55,639.00  | $8,373.00  |
| fraud penalty  | 41,729.25   | 6,279.75   |
| interest       | 78,418.20   | 9,578.91   |

On that same date, respondent sent petitioner a notice of balance due (i.e., a notice and demand for payment).

In the interim, on February 24, 2004, petitioner submitted to respondent an offer-in-compromise on the basis of doubt as to collectibility with regard to her tax liabilities for 1995 and 1996. Petitioner offered to pay $10,000 to respondent within 90 days of her offer. Respondent rejected petitioner's offer-in-compromise after concluding that she had sufficient equity in her residence to pay the taxes in dispute.

At some point during the summer of 2004, petitioner executed a new Form 2848 appointing Alvin Brown (Mr. Brown) to serve as her representative with regard to her income tax liabilities for 1995 and 1996.

On August 17, 2004, respondent filed a Notice of Federal Tax Lien at the County Courthouse in Broward County, Florida, with regard to petitioner's unpaid liabilities for 1995 and 1996. On August 24, 2004, respondent mailed to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 for 1995 and 1996 (the lien notice). In response to the

lien notice, Mr. Brown submitted to respondent a timely request for an administrative hearing.

On November 5, 2004, petitioner submitted to respondent Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and Form 433-B, Collection Information Statement for Business.

On December 8, 2004, Settlement Officer Elsie Stewart of respondent's Appeals Office in Plantation, Florida, held a telephonic conference with Mr. Brown and petitioner regarding petitioner's case. Mr. Brown asserted that the assessments for 1995 and 1996 should be abated because they were: (1) Incorrect; (2) entered without issuance of a statutory notice of deficiency; and (3) entered after the expiration of the normal 3-year period of limitations.

On February 18, 2005, respondent's Appeals Office mailed to petitioner a Notice Of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the filing of the notice of Federal tax lien against petitioner.

On March 17, 2005, petitioner timely filed with the Court a petition challenging respondent's notice of determination.[2] Petitioner alleged in the petition that respondent erred in determining that she could not challenge the existence or amount

---

[2] At the time that the petition was filed, petitioner resided in Ft. Lauderdale, Fla.

of her outstanding liabilities for 1995 and 1996 during the collection review process.

After filing an answer to the petition, respondent filed a Motion For Summary Judgment. Petitioner filed an opposition to respondent's motion. This matter was called for hearing at the Court's November 9, 2005 motions session held in Washington, D.C. Counsel for both parties appeared at the hearing and offered argument in respect of respondent's motion. Following the hearing, petitioner filed a supplement to her opposition.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy if:

> the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * *

Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. See Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

The record reflects that there is no genuine issue as to any material fact and that respondent is entitled to judgment as a matter of law.

Federal Tax Lien

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person liable for taxes when a demand for the payment of the person's taxes has been made and the person fails to pay those taxes. Such a lien arises when an assessment is made. Sec. 6322. However, section 6323(a) requires the Secretary to file a notice of Federal tax lien if the lien is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor. Behling v. Commissioner, 118 T.C. 572, 575 (2002).

Section 6320 provides that the Secretary shall furnish the person described in section 6321 with written notice of the filing of a notice of lien under section 6323. Section 6320 also provides that the person may request administrative review of the matter in the form of an Appeals Office hearing. Section 6320(c) provides that the Appeals Office hearing generally shall be conducted consistent with the procedures set forth in section 6330(c), (d), and (e).

Section 6330(c)(1) imposes on the Appeals Office an obligation to verify that the requirements of any applicable law or administrative procedure have been met. Section 6330(c)(2)(A) provides that the person may raise at the hearing any relevant

issue relating to the unpaid tax, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and offers of collection alternatives. Section 6330(c)(2)(B) provides that the person may also raise at the hearing challenges to the existence or amount of the underlying tax liability if the person did not receive a statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

Petitioner asserts that the Appeals Office erred in denying her an opportunity to challenge her underlying liabilities for 1995 and 1996 because (1) she did not receive a notice of deficiency for those years, and (2) she was never given a full and fair opportunity to contest her liability for additions to tax for fraud for those years. We disagree.

As previously discussed, section 6330(c)(2)(B) provides that the person may raise at the hearing challenges to the existence or amount of the underlying tax liability if the person did not receive a statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability. The record in this case reflects that, although petitioner did not receive a statutory notice of deficiency for 1995 and 1996, she did in fact have a prior opportunity to

dispute her liability for those years.  In particular, Mr. Serchay, petitioner's duly appointed representative, executed Form 4549 consenting to the immediate assessment and collection of the income taxes, fraud penalties, and interest that respondent assessed and is attempting to collect from petitioner. It is well settled that "for purposes of section 6330(c)(2)(B), a taxpayer who has signed a Form 4549-CG waiving * * * [her] right to challenge the proposed assessments should be deemed to have had an opportunity to dispute * * * [her] tax liabilities and is thereby precluded from challenging those tax liabilities." Zapara v. Commissioner, 124 T.C. 223, 228 (2005); see Aquirre v. Commissioner, 117 T.C. 324, 327 (2001).  Under the circumstances, petitioner is deemed to have had a prior opportunity to dispute her liabilities for 1995 and 1996 within the meaning of section 6320(c)(2)(B), and, therefore, she is not entitled to challenge the existence or amount of her liabilities for those years during the collection review process.[3]

---

[3]  To the extent that petitioner seeks to raise the affirmative defense of the normal 3-year period of limitations under sec. 6501(a), we observe that sec. 6501(c) provides an exception to the period of limitations; i.e., in the case of fraud, additional tax may be assessed at any time.  Regardless, the pleading of the statute of limitations by petitioner constitutes a challenge to the underlying tax liability, which challenge is barred because she is deemed to have had an opportunity to dispute such tax liability.  Hoffman v. Commissioner, 119 T.C. 140, 145 (2002); Golden v. Commissioner, T.C. Memo. 2005-170.

- 9 -

## Conclusion

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the transcript of account.  Moreover, petitioner has failed to make a valid challenge to the appropriateness of respondent's intended collection action or offer alternative means of collection.  These issues are now deemed conceded.  Rule 331(b)(4).  Under the circumstances, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination.

To reflect the foregoing,

An Order granting respondent's Motion For Summary Judgment and Decision will be entered.