T.C. Memo. 2007-299

UNITED STATES TAX COURT

ROBERT H. AND JUDITH A. GOLDEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 16694-04L.              Filed October 1, 2007.

Robert H. Golden and Judith A. Golden, pro sese.

<u>Elizabeth R. Proctor</u> and <u>A. Gary Begun</u>, for respondent.

SUPPLEMENTAL MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  This case is a collection case commenced under
section 6330(d)(1) relating to petitioners' 1974 and 1977 through

---

[*] This opinion supplements our prior Memorandum Opinion,
<u>Golden v. Commissioner</u>, T.C. Memo. 2005-170.

1981 Federal income tax.[1]  In <u>Golden v. Commissioner</u>, T.C. Memo. 2005-170, the Court decided for respondent through partial summary adjudication all issues in this case, but for the correctness of respondent's denial of a section 6015 claim to relief (spousal relief) made by Judith A. Golden (petitioner). We now decide whether respondent abused his discretion in denying petitioner's claim to spousal relief.[2]  We hold he did not.

FINDINGS OF FACT

Petitioner and Robert H. Golden (Golden) are married and resided in Southfield, Michigan, when their petition was filed with the Court.  Petitioner holds a college degree and worked as an elementary schoolteacher from 1964 to 1969.  In 1984, she completed a course in income tax preparation.  Golden is a practicing attorney and has practiced law since 1961.

In the mid-1970s, Golden invested in a partnership on behalf of petitioners.  Petitioners were each limited partners in the partnership, and they each received annual reports from the

---

[1] Unless otherwise noted, section references are to the applicable versions of the Internal Revenue Code, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Petitioners invite the Court also to decide an issue as to the proper interest rate applicable in this case.  We decline to do so.  As just noted, the Court decided in <u>Golden v. Commissioner</u>, T.C. Memo. 2005-170, that respondent will prevail in this case if the Court holds for respondent as to the spousal relief claim.  We also note that petitioners are deemed to have stipulated under Rule 91(f) that the only issue left to be decided is whether petitioner is entitled to spousal relief.

partnership accompanied by Schedules K-1, Partner's Share of Income, Deductions, Credits, etc., reporting their shares of partnership losses. Petitioners never realized any income from their investments in the partnership.

Petitioners claimed on their joint Federal income tax returns for the subject years deductions for their distributive shares of losses reported by the partnership. At all relevant times, petitioner knew about her investment in the partnership, and she knew that she was a limited partner. In 1981, respondent notified petitioners that the partnership was under investigation and that losses generated by the partnership might be disallowed. After 1981, petitioners ceased deducting losses from the partnership on their Federal income tax returns.

Respondent disallowed the partnership loss deductions petitioners claimed on their Federal income tax returns for the subject years. The disallowance resulted in the deficiencies in tax for which petitioner seeks spousal relief. Those deficiencies were assessed pursuant to stipulated decisions entered by this Court in a deficiency suit brought by petitioners.

During the subject years, petitioner was responsible for balancing the couple's checkbook, and she had full access to their joint bank accounts. She was not abused physically or mentally by Golden during those years.

OPINION

Spouses filing a joint Federal income tax return are generally jointly and severally liable for tax found to be owning.  Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000).  However, it is possible for an individual filing a joint return to be relieved of joint and several liability. Section 6015 prescribes three types of relief:  (1) Full or apportioned relief under section 6015(b), (2) proportionate relief under section 6015(c), and (3) equitable relief under section 6015(f).  Petitioner claims entitlement to one or all of these types of relief.  Except as otherwise provided in section 6015, petitioner bears the burden of proving that claim.  See Alt v. Commissioner, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004); see also Rule 142(a)(1).

To qualify for relief under section 6015(b), a requesting spouse needs to satisfy the requirements of section 6015(b)(1). Under section 6015(b)(1), relief may be granted under section 6015(b) if the following requirements are met:  (1) A joint return has been made for the taxable year, (2) on such return there is an understatement of tax attributable to erroneous items of one individual filing the joint tax return, (3) the spouse seeking relief establishes that in signing the return he or she did not know, nor have reason to know, that there was an understatement of tax, and (4) taking into account all of the

facts and circumstances, it is inequitable to hold the requesting spouse liable for the deficiency in tax for the taxable year attributable to the understatement. The requesting spouse's failure to meet any one of these requirements prevents him or her from qualifying for full or apportioned relief under section 6015(b). Alt v. Commissioner, supra at 313.

Petitioner does not meet the second, third, or fourth requirement for full or apportioned relief under section 6015(b). The erroneous items, the losses from the partnership, are not attributable solely to Golden. Petitioner admits that the investment in the partnership was explained to her and that she was aware of her status as a limited partner. She further admits that she received the annual reports from the partnership listing her losses, that Golden truthfully discussed the partnership with her regularly, and that she willingly signed the tax returns for the subject years without reviewing them. As to the latter point, a reasonably prudent person in the position of petitioner, a college-educated individual, would have reviewed each return and at least inquired about the losses reported each year. As this Court has previously stated in similar settings, a spouse cannot escape tax responsibilities by ignoring the contents of a tax return when signing it. See Mora v. Commissioner, 117 T.C. 279, 289 (2001); Albin v. Commissioner, T.C. Memo. 2004-230; see also Levin v. Commissioner, T.C. Memo. 1987-7. Given that

petitioner has a college degree, that she had full access to joint bank accounts, that she balanced the couple's checkbook, that she knew of her status as a limited partner in the partnership, and that she failed to discharge her duty of inquiry, petitioner is deemed to have had reason to know of the understatements on the income tax returns for the years at issue.[3]  We conclude that petitioner does not qualify for relief under section 6015(b).

Section 6015(c) allows a qualifying individual to receive proportionate relief from joint and several liability for a deficiency if, in addition to meeting other conditions, upon electing relief under section 6015(c), the individual is divorced or legally separated from the other spouse or has lived apart from the other spouse for the past 12 months.  Petitioner fails to meet this requirement.  She is still married to and living with Golden.  We conclude that petitioner does not qualify for relief under section 6015(c).

Because we hold that petitioner is not entitled to either full or proportionate relief under subsection (b) or (c) of section 6015, we now consider whether she is entitled to equitable relief.  Under section 6015(f), the Commissioner may grant equitable relief to an individual if relief is not

---

[3] As to the fourth requirement of sec. 6015(b), petitioner has not presented any evidence that it would be inequitable to hold her liable for the deficiencies for the subject years.

available to the individual under section 6015(b) or (c) and it would be inequitable to hold the individual liable for the tax liability.[4]  Petitioner bears the burden of proving that respondent's denial of her claim was an abuse of respondent's discretion.  See Washington v. Commissioner, 120 T.C. 137, 146 (2003); Cheshire v. Commissioner, 115 T.C. 183, 198 (2000).  In order to prevail, petitioner must demonstrate that respondent exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law when he denied her the equitable relief.  See Jonson v. Commissioner, 118 T.C. 106, 125 (2002), affd. 353 F.3d 1181 (10th Cir. 2003).

Before the Commissioner will consider a taxpayer's request for relief under section 6015(f), the taxpayer must satisfy all seven threshold conditions listed in Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. 296, 297.[5]  These conditions are as follows: (1) The requesting spouse filed a joint return for the taxable

---

[4] This Court has held that our determination of whether a taxpayer is entitled to relief under sec. 6015(f) "is made in a trial de novo and is not limited to matter contained in respondent's administrative record".  See Ewing v. Commissioner, 122 T.C. 32, 44 (2004), vacated 439 F.3d 1009 (9th Cir. 2006).  That decision was vacated for lack of jurisdiction.  We need not and do not decide here whether our review of respondent's denial of relief under sec. 6015(f) is limited to the administrative record because our holding would remain the same in any event.

[5] Although the deficiencies in tax arose in years before the revenue procedure's effective date of Nov. 1, 2003, this revenue procedure is applicable to petitioner's case as her request for relief was made after Nov. 1, 2003.

year for which he or she seeks relief, (2) relief is not available to the requesting spouse under section 6015(b) or (c), (3) the requesting spouse applies for relief no later than 2 years after the date of the Commissioner's first collection activity after July 22, 1998, with respect to the requesting spouse, (4) no assets were transferred between the spouses as part of a fraudulent scheme by the spouses, (5) the nonrequesting spouse did not transfer disqualified assets to the requesting spouse, (6) the requesting spouse did not file or fail to file the return with fraudulent intent, and (7) the income tax liability from which the requesting spouse seeks relief is attributable to an item of the individual with whom the requesting spouse filed the joint return.  Petitioner fails to satisfy the last condition; i.e., that the income tax liability from which the requesting spouse seeks relief be attributable to an item of the individual with whom the requesting spouse filed the joint return.

Petitioners were both limited partners in the partnership, and petitioner was aware of this fact.  Thus, the item giving rise to the losses, petitioner's investment in the partnership, is not attributable to Golden alone.  Rather, that item is attributable to both of them.  We conclude that petitioner does not qualify for relief under section 6015(f).  See Schwendeman v. Commissioner, T.C. Memo. 2007-227.

We have considered all petitioners' arguments for holdings contrary to those expressed herein and reject those arguments not discussed herein as irrelevant or without merit.

<u>Decision will be entered</u>

<u>for respondent</u>.