T.C. Memo. 2008-139

UNITED STATES TAX COURT

STUART J. HOFFENBERG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12103-06L.                    Filed May 21, 2008.

Stuart J. Hoffenberg, pro se.

<u>John R. Bampfield</u>, for respondent.

MEMORANDUM OPINION

GALE, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment on the issue of whether respondent may proceed by levy to collect unpaid income taxes with respect to petitioner's 2000 and 2001 taxable years.  Petitioner was afforded an opportunity to respond and did so.

As discussed more fully below, we conclude that there are no genuine issues of material fact in this case, and respondent is entitled to judgment as a matter of law.

## Background[1]

At the time the petition was filed, petitioner resided in Tennessee.

Respondent received Forms 1040, U.S. Individual Income Tax Return, for taxable years 2000 and 2001 from petitioner on October 1, 2001, and January 29, 2003, respectively, which reported that petitioner had no tax liability for these years. Respondent did not accept these returns for filing, instead imposing frivolous return penalties and preparing substitutes for return for both years. On January 16, 2004, respondent sent petitioner notices of deficiency with respect to 2000 and 2001, determining deficiencies as well as additions to tax under section 6651(a)(1)[2] for failure to file and section 6654(a) for failure to pay estimated tax. Petitioner admits receiving both notices of deficiency.

Petitioner did not petition this Court with respect to the notices. Consequently, respondent assessed the deficiencies on

---

[1] The following findings are established in the record and/or are undisputed.

[2] Unless otherwise noted, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

May 24, 2004. In addition to the additions to tax under sections 6651(a)(1) and 6654(a) covered by the notices, respondent also assessed additions to tax under section 6651(a)(2), for failure to pay, for 2000 and 2001.

Also on May 24, 2004, respondent sent petitioner a notice CP 22E, Examination Adjustment Notice, with respect to both years, which petitioner admits receiving.

On February 28, 2005, respondent sent petitioner a Final Notice-Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to the unpaid income tax liabilities for 2000 and 2001. Petitioner timely submitted a request for a hearing. Subsequently, petitioner advised the Appeals officer conducting his hearing that he did not wish to proceed with a telephone conference, that he had raised all issues of concern in an April 10, 2006, letter to respondent, and that this letter contained all information he wanted considered.

On May 31, 2006, respondent's Appeals Office issued petitioner a Notice of Determination Concerning Collections Action(s) Under Section 6320 and/or 6330 (notice of determination) sustaining the proposed levy.

Petitioner timely petitioned the Court in response to the notice of determination. On November 30, 2006, respondent filed a motion for summary judgment, and a hearing was held thereon. Finding that respondent's levy covered section 6651(a)(2)

additions that had been assessed notwithstanding their omission from the notices, the Court concluded that the section 6651(a)(2) assessments were unfounded and denied respondent's motion on that basis.

Thereafter, respondent abated the section 6651(a)(2) assessments for 2000 and 2001, as well as interest thereon. On December 17, 2007, respondent filed the pending motion for summary judgment, to which petitioner filed a timely response.

## Discussion

"Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials." Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are viewed in a light most favorable to the nonmoving party. Craig v. Commissioner, 119 T.C. 252, 260 (2002); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). The party opposing summary judgment must set forth specific facts which show that a genuine question of material fact exists and may not rely merely on allegations or denials in the pleadings. Grant Creek Water Works, Ltd. v.

Commissioner, 91 T.C. 322, 325 (1988); Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986).

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after notice and demand for payment is made. Section 6330(a) requires the Secretary to send a written notice to the taxpayer of the amount of the unpaid tax and of the taxpayer's right to a section 6330 hearing at least 30 days before any levy is begun.

If a section 6330 hearing is requested, the hearing is to be conducted by the Commissioner's Office of Appeals, and at the hearing the Appeals officer or employee conducting it must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(b)(1), (c)(1). The taxpayer may raise at the hearing "any relevant issue" relating to the unpaid tax or the proposed levy. Sec. 6330(c)(2)(A). The taxpayer may also raise challenges to the existence or amount of the underlying tax liability if the taxpayer did not receive any statutory notice of deficiency with respect thereto or did not otherwise have an opportunity to dispute the liability. Sec. 6330(c)(2)(B).

At the conclusion of the hearing, the Appeals officer must determine whether and how to proceed with collection and shall take into account (i) the verification that the requirements of

any applicable law or administrative procedure have been met, (ii) the relevant issues raised by the taxpayer, (iii) challenges to the underlying tax liability by the taxpayer, where permitted, and (iv) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary. Sec. 6330(c)(3).

We have jurisdiction to review the Appeals officer's determination where we have jurisdiction over the type of tax involved in the case. Sec. 6330(d)(1)(A); see Iannone v. Commissioner, 122 T.C. 287, 290 (2004).[3]

Respondent contends that he is entitled to summary judgment because the only issues petitioner raised in connection with his hearing were challenges to the underlying tax liabilities for 2000 and 2001 and an argument that he did not receive notice and demand for payment as required by section 6303(a) with respect to any of the assessments in either year. With respect to the underlying tax liabilities, respondent contends that petitioner was precluded from challenging them because he received notices of deficiency covering them. With respect to the issue petitioner raised pertaining to notice and demand, respondent

---

[3] Sec. 6330(d)(1) has been amended to give this Court jurisdiction over all collection matters, effective for determinations made 60 days after Aug. 17, 2006. The determination in this case was issued on May 31, 2006.

contends that a notice CP 22E mailed to petitioner on or about May 24, 2004, which petitioner admits receiving, satisfied section 6303(a).

Petitioner contends in his response to the pending motion that the levy may not proceed because the determination under review in this Court was a determination to proceed with a levy for definite amounts in each year, and respondent has now conceded that portions of each amount were erroneously assessed. In petitioner's view, the entire levy must now fail. Alternatively, petitioner argues that he should be permitted to challenge the underlying tax liabilities for 2000 and 2001 because the liabilities were modified after the issuance of the notice of levy; that is, when respondent conceded, in connection with the proceedings in this case, that the assessments for the section 6651(a)(2) additions for 2000 and 2001 were erroneous and abated them. In petitioner's view, the underlying liability for each year is a single, unitary whole consisting of the deficiency and the additions; and since respondent has made an adjustment to that single underlying liability, petitioner should be permitted to challenge it as well.

We disagree on both counts. The "underlying tax liability" for purposes of section 6330(c)(2)(B) may consist of any number of discrete assessments for a given tax period--for example, an assessment under section 6201(a) based on amounts reported as due

on a return but unpaid, an assessment that occurs after a taxpayer is issued a notice of deficiency pursuant to section 6213(a) and fails to petition the Tax Court within the prescribed period, or an assessment made pursuant to the so-called math error procedures of section 6213(b)(1). See Freije v. Commissioner, 125 T.C. 14, 32-37 (2005); Montgomery v. Commissioner, 122 T.C. 1, 7-8 (2004). The validity of each such discrete assessment turns upon whether there was compliance with statutorily prescribed procedures, and, more to the point, a taxpayer's ability to challenge any given component assessment of the underlying tax liability in a section 6330 proceeding depends upon whether he received a notice of deficiency or otherwise had a previous opportunity to dispute it. If so, the taxpayer is precluded from challenging that component of the underlying liability. Sec. 6330(c)(2)(B). The Commissioner's concession of one of the assessments making up the underlying tax liability for a tax period generally has no impact on whether the other component assessments are valid or subject to challenge. See also Kelby v. Commissioner, 130 T.C. ___ (2008); Sapp v. Commissioner, T.C. Memo. 2006-104.

Here, petitioner admits receiving notices of deficiency that covered the deficiencies and the section 6651(a)(1) and 6654 additions that were assessed for 2000 and 2001. Respondent's Appeals officer confirmed that petitioner received them.

Petitioner failed to file petitions with respect to the notices. Consequently, petitioner may not challenge in this proceeding the underlying tax liabilities comprising the foregoing assessments.[4] Sec. 6330(c)(2)(B); Goza v. Commissioner, 114 T.C. 176, 183 (2000). This conclusion is unaffected by respondent's concession that a portion of the underlying tax liability in each year was attributable to an invalid assessment and may not be collected.

Because the underlying liabilities are not at issue, the determination to proceed with the levy is reviewed for abuse of discretion. Goza v. Commissioner, supra at 182; see also Sego v. Commissioner, 114 T.C. 604, 610 (2000).

---

[4] Petitioner's challenge to the underlying tax liability for 2000 included both a claim that the amount of the deficiency was incorrect and a claim that the assessments for 2000 had been made beyond the expiration of the period of limitations on assessments. A claim that the period of limitations expired before assessment is a challenge to the underlying tax liability within the meaning of sec. 6330(c)(2)(B). See Boyd v. Commissioner, 117 T.C. 127, 130 (2001); see also Hoffman v. Commissioner, 119 T.C. 140, 145 (2002); MacElvain v. Commissioner, T.C. Memo. 2000-320. Whether construed as a claim that the assessment period expired before the mailing of the deficiency notice (which would be precluded by sec. 6330(c)(2)(B)) or as a claim that the period expired during the interim between the lapse of the suspension of the period of limitations under sec. 6503(a)(1) and the making of the assessments, cf. Golden v. Commissioner, T.C. Memo. 2005-170, n.1, petitioner's position is meritless. Even if it were assumed that the Form 1040 for 2000 received by respondent from petitioner on Oct. 1, 2001, was a valid return (notwithstanding respondent's determination to the contrary), the period of limitation on assessment remained open when the assessments at issue for 2000 were made on May 24, 2004. See sec. 6501(a); see also sec. 6501(c)(3). Therefore, the Appeals officer's rejection of the statute of limitations claim was proper.

The remaining issue petitioner raised in connection with his hearing was that he did not receive notice and demand for payment (as required by section 6303(a)) with respect to any of the assessments for 2000 and 2001. Section 6303 provides that the Secretary shall within 60 days after the making of an assessment of a tax pursuant to section 6203 give notice and demand for payment to the person liable for the tax. A notice of balance due constitutes a notice and demand for payment under section 6303(a). Craig v. Commissioner, 119 T.C. at 262-263. There is no genuine issue of material fact as to whether respondent's Appeals officer abused his discretion in rejecting petitioner's claim on this point. Petitioner admits receiving a notice CP 22E with respect to 2000 and 2001. Such notice meets the requirements of section 6303(a). See, e.g., Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992); Schaper v. Commissioner, T.C. Memo. 2002-203. In light of petitioner's admission, which the Appeals officer confirmed in his review of petitioner's transcripts of account, we are satisfied that the Appeals officer obtained sufficient verification that the requirements of section 6303 had been met.

Finally, as recorded in the notice of determination, the Appeals officer verified that the requirements of applicable law and administrative procedure had been met and took into account whether any proposed collection action balanced the need for the

efficient collection of taxes with the legitimate concern of petitioner that the collection action be no more intrusive than necessary. See sec. 6330(c)(3). Petitioner has identified no specific infirmity in the foregoing not heretofore addressed.

Conclusion

We conclude that no genuine issues of material of fact remain in this case and hold that respondent is entitled to judgment as a matter of law that he may proceed with the proposed levy to collect petitioner's income tax liabilities for 2000 and 2001 (except to the extent attributable to additions to tax under section 6651(a)(2)). Accordingly, we shall grant respondent's motion for summary judgment.

To reflect the foregoing,

An appropriate order and decision will be entered.