T.C. Memo. 2010-79

UNITED STATES TAX COURT

NENO FRANC, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15293-08.            Filed April 19, 2010.

Neno Franc, pro se.

<u>Ann L. Darnold</u> and <u>Dessa J. Baker-Inman</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Judge</u>:  Pursuant to section 6015 petitioner seeks
relief from joint and several liability for unpaid Federal income
tax liabilities for 1998 and 2000.[1]

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.  All dollar
(continued...)

## FINDINGS OF FACT

The parties have stipulated some facts, which are so found. When he petitioned the Court, petitioner resided in Arkansas.

During the years at issue, petitioner was known as Fadil Franca. He and Renee Franca (Ms. Franca), who was then his wife, conducted a painting business under the name Justin Painting Co. Petitioner did all the painting work, and Ms. Franca performed other duties, such as making estimates, buying paint, and handling finances. On May 29, 2001, petitioner and Ms. Franca divorced. Pursuant to the consent judgment of divorce, petitioner was awarded the business assets and interest in Justin Painting Co. as his sole and separate property.

Petitioner and Ms. Franca filed joint Federal income tax returns for each taxable year 1988 through 2000. Most of the taxable income reported on their 1998 and 2000 joint returns was from their painting business--$34,199 in 1998 and $24,220 in 2000. The returns listed petitioner as the proprietor of this business. The 1998 joint return showed a tax liability of $5,023, which was not paid in full when the return was filed.[2] The 2000 joint return showed a zero tax liability, but respondent determined that the return erroneously showed duplicative credits

----

[1](...continued)
amounts are rounded to the nearest dollar.

[2]Renee Franca, petitioner's ex-wife, has paid part of this liability, but an unpaid balance remains.

of $1,711, resulting in an underpayment of the same amount. Respondent summarily assessed the 1998 and 2000 unpaid taxes without issuing a notice of deficiency.

On December 4, 2007, petitioner filed Form 8857, Request for Innocent Spouse Relief, requesting relief with respect to taxable years 1998 and 2000. On the Form 8857, petitioner indicated that he and Ms. Franca had filed joint returns for 1998 and 2000 but also stated that he did not know whether he had signed the returns or whether his signature was forged. On May 2, 2008, respondent issued to petitioner a final determination denying his request for relief.

OPINION

Married taxpayers generally may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse is jointly and severally liable for the entire tax due on their aggregate income. Sec. 6013(d)(3). An individual who has filed a joint return may seek relief from joint and several liability under section 6015.

Filing a Joint Return

Petitioner appears to assert that he did not sign the returns in question for 1998 and 2000.[3] If petitioner means

---

[3]A signature for Fadil Franca appears on each return. It is true that these signatures, made in a feminine hand, differ markedly from petitioner's signature as it appears on other documents in the record. But even if petitioner did not inscribe
(continued...)

thereby to assert that he did not file joint returns for those years, his assertion would be self-defeating, since filing a joint return is a prerequisite to his obtaining relief from joint and several liability under section 6015.  See sec. 6015(a); Raymond v. Commissioner, 119 T.C. 191, 195-197 (2002).

In any event, petitioner has stipulated that he and Ms. Franca filed joint returns for 1998 and 2000 as well as for all other years from 1988 through 2000.[4]  We treat this stipulation as a conclusive admission.  See Rule 91(e).

Availability of Relief Under Section 6015

Section 6015 generally offers three avenues of possible relief under subsections (b), (c), and (f).  Relief under subsections (b) and (c) is available only with respect to understatements of tax.  See sec. 6015(b)(1)(B), (c)(1).  Because petitioner's liability is due to underpayments rather than understatements of tax, he does not qualify for relief under section 6015(b) or (c).  Accordingly, petitioner's sole avenue of

---

[3](...continued)
his signature on the returns, this does not necessarily mean that he did not file joint returns.  If an income tax return is intended by both spouses as a joint return, it is not determinative that one spouse failed to sign it.  See Olpin v. Commissioner, 270 F.3d 1297, 1301 (10th Cir. 2001), affg. T.C. Memo. 1999-426; Estate of Campbell v. Commissioner, 56 T.C. 1, 12 (1971); Heim v. Commissioner, 27 T.C. 270, 273 (1956), affd. 251 F.2d 44, 45 (8th Cir. 1958).

[4]Similarly, on Form 8857, Request for Innocent Spouse Relief, petitioner indicated that he had filed joint returns for 1998 and 2000.

relief is through section 6015(f). See <u>Washington v. Commissioner</u>, 120 T.C. 137, 146-147 (2003).

A taxpayer who does not qualify for relief under section 6015(b) or (c) can qualify for relief under section 6015(f) if, taking into account all the facts and circumstances, it would be inequitable to hold the taxpayer liable for any unpaid tax or deficiency. Sec. 6015(f)(1). Rev. Proc. 2003-61, 2003-2 C.B. 296, prescribes guidelines for determining whether an individual qualifies for relief under section 6015(f). It sets forth seven threshold conditions that the requesting spouse must satisfy before the Commissioner will consider a request for relief under section 6015(f). One threshold condition is that, subject to certain specified exceptions that do not pertain to this case, the income tax liability from which the requesting spouse seeks relief must be attributable to the other spouse. Rev. Proc. 2003-61, sec. 4.01(7), 2003-2 C.B. at 297.

We lack evidence that might enable us to allocate the income of Justin Painting Co. between petitioner, who did all the actual painting, and Ms. Franca. We find it noteworthy, however, that the divorce judgment awarded the business to petitioner as his sole and separate property. Petitioner has not shown that the income tax liability from which he seeks relief is attributable to Ms. Franca. See <u>Golden v. Commissioner</u>, T.C. Memo. 2007-299, affd. 548 F.3d 487 (6th Cir. 2008). Nor has petitioner shown

that he meets any of the specified exceptions to this threshold condition for the IRS to grant equitable relief.[5]  For this reason, if for no other, we conclude that petitioner does not qualify for equitable relief under section 6015(f).

Alternatively, we conclude that, apart from failing to satisfy the just-described threshold condition, petitioner has failed to show other facts and circumstances that would justify granting him equitable relief, pursuant to the factors listed in Rev. Proc. 2003-61, sec. 4.03, 2003-2 C.B. at 298-299, or otherwise.  See Olson v. Commissioner, T.C. Memo. 2009-294.  In his petition, petitioner asserts primarily that he is entitled to innocent spouse relief because the 1998 and 2000 income tax liabilities were "held" in the name of Ms. Franca, who included the debts in her 2003 bankruptcy filing.  The record does not suggest, however, that Ms. Franca had a legal obligation to pay the outstanding 1998 and 2000 joint tax liabilities pursuant to a divorce decree or agreement.  See Rev. Proc. 2003-61, sec. 4.03(2)(a)(iv), 2003-2 C.B. at 298.  Petitioner has stipulated that Ms. Franca did not abuse him and that he was not in poor

_____

[5]The specified exceptions to the threshold condition relate to:  (a) Attribution of an item solely due to the operation of community property law; (b) nominal ownership; (c) misappropriation of funds intended for the payment of tax by the nonrequesting spouse; and (d) abuse by the nonrequesting spouse not amounting to duress.  Rev. Proc. 2003-61, sec. 4.01(7), 2003-2 C.B. 296, 297-298.  The parties have stipulated that petitioner's ex-wife did not abuse him.  The record does not suggest that any of the other exceptions apply.

mental or physical health.  It is unclear from the record whether petitioner knew or had reason to know that Ms. Franca would not pay the income tax liabilities in question, whether he might have received significant benefit from the unreported income beyond normal support, whether he would suffer economic hardship if relief is denied, or whether he has made a good-faith effort to comply with income tax laws in taxable years since 2001.  See id. sec. 4.03.

We sustain respondent's determination that petitioner is not entitled to relief pursuant to section 6015.

To reflect the foregoing,

Decision will be entered

for respondent.