T.C. Memo. 2008-205

UNITED STATES TAX COURT

VALDY OLENDER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 1082-06L, 21969-06L.  Filed August 28, 2008.

<u>Valdy Olender</u>, pro se.

<u>Lauren B. Epstein</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  These consolidated matters are before us under Rule 121 on respondent's motion for summary judgment. Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent moves for summary judgment as to petitioner's challenges to respondent's lien filing and proposed levy relating to petitioner and his wife's outstanding Federal income tax liability for 1999 in the approximate total amount of $20,700. Petitioner objects to respondent's motion for summary judgment and contends that respondent failed to assess petitioner and his wife's 1999 Federal income tax liability within the assessment period of limitations set out in section 6501. Petitioner also challenges generally the amount of his and his wife's 1999 Federal income tax liability as determined by respondent. For the reasons stated, we will grant respondent's motion for summary judgment.

## Background

The facts set forth below are established in the pleadings, moving papers, responses thereto, and attachments.

In 1999 petitioner and his wife received wages in the approximate total amount of $72,500.

On April 15, 2000, petitioner and his wife filed with respondent a 1999 joint Federal income tax return reporting zero in wages and zero for their taxable income, which respondent treated as a valid return for filing purposes.

On November 21, 2001, and after an audit of petitioner and his wife's 1999 Federal income tax return, respondent did not charge petitioner and his wife with the above $72,500 in wage

income, but respondent did determine a deficiency in petitioner and his wife's 1999 Federal income tax of $518. Respondent timely mailed to petitioner and his wife and they received a notice of deficiency (first notice of deficiency) for this additional $518. Neither petitioner nor his wife filed a petition in this Court with regard to the first notice of deficiency, and on May 6, 2002, respondent assessed against petitioner and his wife the $518.

On May 29, 2003, respondent mailed to petitioner and his wife a second notice of deficiency, which they received. In the second notice of deficiency respondent charged petitioner and his wife with the $72,500 in wage income which petitioner and his wife had omitted from their 1999 joint Federal income tax return (and which respondent had not included in the first notice of deficiency), resulting in an additional $11,169 deficiency in petitioner and his wife's Federal income taxes for 1999. Neither petitioner nor his wife filed a petition in this Court with regard to the second notice of deficiency, and on October 22, 2003, respondent assessed against petitioner and his wife the $11,169.

On June 7, 2005, respondent timely mailed to petitioner and his wife a notice of Federal tax lien relating to the October 22, 2003, assessment. On July 5, 2005, petitioner requested an Appeals Office collection hearing relating thereto. In

connection with this hearing, petitioner did not provide respondent with the financial information which respondent requested.  Petitioner did challenge the assessment as untimely.

On December 16, 2005, respondent's Appeals Office mailed to petitioner and his wife a notice of determination sustaining respondent's lien filing against them.  On January 13, 2006, petitioner filed with this Court his petition challenging respondent's determination sustaining respondent's lien filing.

On February 10, 2006, respondent timely mailed to petitioner and his wife a final notice of intent to levy relating to the October 22, 2003, assessment.  On March 7, 2006, petitioner requested an Appeals Office hearing relating to respondent's proposed levy.  In connection with this hearing, petitioner submitted to respondent's Appeals Office limited financial information.  On September 28, 2006, respondent's Appeals Office mailed to petitioner and his wife a notice of determination sustaining respondent's proposed levy.

On October 30, 2006, petitioner filed with this Court his petition challenging respondent's Appeals Office's determination sustaining respondent's levy.

## Discussion

Petitioner contends that respondent's October 22, 2003, assessment of petitioner's 1999 Federal income tax liability was not made within the assessment period of limitations prescribed

by section 6501.  A taxpayer's contention, however, that an assessment period of limitations lapsed before the Commissioner made an assessment against the taxpayer constitutes a challenge to the underlying tax liability.  In a collection case under section 6320 or section 6330, a taxpayer is not permitted to challenge his underlying Federal income tax liability if he or she had a prior opportunity to do so.  Hoffman v. Commissioner, 119 T.C. 140, 145 (2002); Hoffenberg v. Commissioner, T.C. Memo. 2008-139 n.4; see also Boyd v. Commissioner, 117 T.C. 127, 130 (2001); MacElvain v. Commissioner, T.C. Memo. 2000-320.

Upon receipt of respondent's first and second notices of deficiency petitioner had the opportunity to challenge his wife's joint 1999 Federal income tax liability.  Petitioner did not file a petition in this Court within the 90-day period prescribed by section 6213(a).  Petitioner is now barred in this case from challenging his and his wife's joint Federal income tax liability for 1999 and from raising any issue as to the timeliness of respondent's assessment.

Generally under section 6501 the Commissioner has 3 years from the time a taxpayer files a Federal income tax return to assess a deficiency.  Petitioners' joint 1999 Federal income tax return--which respondent treated as a valid return--was filed April 15, 2000, and the 3-year period for assessment would have expired on April 15, 2003.

Section 6503(a)(1), however, provides that the running of the 3-year assessment period of limitations under section 6501 will "be suspended for the period during which the Secretary is prohibited from making the assessment * * * and for 60 days thereafter", and section 6213(a) provides that after the Commissioner mails a notice of deficiency to a taxpayer, no assessment of the tax deficiency shall be made during the 90-day period during which the taxpayer may file a petition in this Court.

Accordingly, under section 6213(a) respondent was barred from making any assessment for each of the 90-day periods immediately following respondent's mailing to petitioner of the first and the second notices of deficiency, dated November 21, 2001, and May 29, 2003, respectively. Thus under section 6503 the running of the 3-year assessment period of limitations was suspended for 180 days plus an additional 120 days. Respondent's two notices of deficiency resulted in a total 300-day extension in the assessment period of limitations running against respondent and in favor of petitioner and his wife relating to their 1999 Federal income taxes.

This 300-day extension established a lapse date for the assessment period of limitations that is applicable to this case

of February 9, 2004.[1]  Respondent's October 22, 2003, assessment falls well within this extended period of limitations.

Petitioner raises several other vague grounds for challenging respondent's Appeals Office's determination sustaining respondent's lien filing and proposed levy. Petitioner contends that he did not receive fair Appeals Office hearings and that he was denied an installment plan for payment of his Federal income taxes.[2]

Summary judgment is proper where there remains no genuine issue of material fact and where the moving party is entitled to judgment as a matter of law.  Beery v. Commissioner, 122 T.C. 184, 187 (2004).  In a collection action where the taxpayer's tax liability is not at issue, we review the appropriateness of the Commissioner's determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 609-610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).

In connection with petitioner's first Appeals Office hearing, petitioner failed to submit financial information and

---

[1]Apr. 15, 2000, plus 3 years plus 300 days fell on Feb. 9, 2004.

[2]We note that where a taxpayer raises a reasonable dispute regarding an item of income which a third-party payor reported to the Commissioner on an information return and where the taxpayer fully cooperates with the Commissioner, the burden of production as to the income shifts to the Commissioner.  Sec. 6201(d). Petitioner, however, has not raised any such dispute and would be precluded from doing so under sec. 6330(c)(2)(B), and sec. 6201(d) presents no barrier to our granting summary judgment.

failed to request collection alternatives.  In connection with petitioner's first and second Appeals Office hearings, petitioner has not alleged any specific facts showing there is a genuine issue as to whether respondent's Appeals Office abused its discretion in sustaining respondent's lien filing and proposed levy action.  See Rule 121(d); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-323 (1986).

On the record before us and as a matter of law we conclude that respondent's Appeals Office's determination sustaining respondent's lien filing and proposed levy was not an abuse of discretion.

For the reasons stated, we shall grant respondent's motion for summary judgment.

<u>An appropriate order and decisions will be entered</u>.