RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 08a0431p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

ROBERT H. GOLDEN and JUDITH A. GOLDEN,
　　　　　　　　*Petitioners-Appellants,*

　　　*v.*

COMMISSIONER OF INTERNAL REVENUE,
　　　　　　　　*Respondent-Appellee.*

No. 07-2431

On Appeal from the United States Tax Court.
No. 04-16694.

Argued: September 16, 2008

Decided and Filed: November 26, 2008

Before: MOORE and COLE, Circuit Judges; GRAHAM, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Robert H. Golden, Southfield, Michigan, for Appellants. Richard L. Parker, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Robert H. Golden, Judith A. Golden, Southfield, Michigan, for Appellants. Richard L. Parker, Teresa E. McLaughlin, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

## OPINION

_____

　　KAREN NELSON MOORE, Circuit Judge. Taxpayers Robert and Judith Golden appeal from two orders of the Tax Court sustaining the determination of the Internal Revenue Service ("IRS") Appeals Officer, which denied the Goldens relief from the IRS's proposed collection action. The underlying tax dispute, the merits of which are not before us, involved deductions and credits the Goldens claimed on their income-tax returns in the 1970s and early 1980s. In 1990, after the IRS issued a notice of deficiency for these tax years, the Goldens sought review in the Tax Court, and a stipulated decision was entered in 1994. The current litigation stems from the IRS's proposed levy action to collect on these deficiencies. After a collection due-process hearing, the Appeals Officer upheld the proposed levy action, and the Goldens petitioned for review in the Tax Court. The Goldens now appeal the Tax Court's grant of summary judgment to the Commissioner, which

---

[*]The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

sustained the Appeals Officer's determination that the levy action was not time-barred. The Goldens' primary argument on appeal is that the Tax Court erred in finding that the Goldens were precluded by res judicata from challenging the timeliness of the assessment. Additionally, Mrs. Golden appeals the Tax Court's decision, reached after a trial, denying her innocent-spouse relief under Internal Revenue Code ("I.R.C.") § 6015 (26 U.S.C. § 6015). For the reasons explained below, we **AFFIRM** the Tax Court's orders sustaining the determination of the IRS Appeals Officer.

## I. BACKGROUND

In the mid-1970s, the Goldens invested $29,000 in a partnership called Spring Hill Associates ("SHA"). Before making the investment, Mr. Golden, who is an attorney, consulted with his wife, a former teacher with a bachelor's degree in education. Although Mrs. Golden initially expressed concern about the investment, she eventually acquiesced, and both Mr. and Mrs. Golden became limited partners in SHA. The Goldens subsequently claimed partnership losses and investment credits from the SHA investment on their joint tax returns for the tax years 1977, 1978, 1979, 1980, and 1981 and amended their 1974 return to claim an investment credit carryback. Although Mrs. Golden had an opportunity to review each return, she did not do so, instead relying on the assurances of her husband and their CPA. The Goldens received periodic reports from SHA, which Mrs. Golden found assured her that "everything was good with this limited partnership." J.A. at 256, 260-61 (Trial Tr. at 38, 42-43). In 1981, the IRS contacted the Goldens, notifying them that SHA was being audited and requesting an extension of the statute of limitations applicable to those tax years, which the Goldens granted. The Goldens refused, however, to grant any extension after 1986. Although Mrs. Golden seems to have deferred to Mr. Golden's judgment, Mr. Golden did consult her before making these decisions.

After an audit, the IRS disallowed the SHA-related losses and credits the Goldens had claimed for the tax years at issue and sent the Goldens a letter on December 9, 1988, proposing increases in the amount of the tax for these years and instructing the Goldens of their right to have a conference with an IRS Appeals Officer. Receiving no response, the IRS sent the Goldens a Notice of Deficiency[1] on June 1, 1990, listing the deficiency for each year and informing the Goldens of their right to file for review in the United States Tax Court within ninety days. Accordingly, the Goldens filed a petition in the Tax Court on August 20, 1990, in part arguing that the deficiency was barred by the three-year statute of limitations on assessment in I.R.C. § 6501.[2] The parties reached a stipulated decision, which was entered by the Tax Court on February 7, 1994, and the IRS assessed the stipulated deficiencies on May 10, 1994.

The Goldens made no payment, and after nine years, on July 28, 2003, the IRS sent the Goldens a letter demanding payment of the deficiencies plus interest and penalties. The IRS sent a Final Notice on August 20, 2003, notifying the Goldens of the IRS's intent to levy under I.R.C.

---

[1] Before the IRS may make an assessment of deficient taxes, the IRS must send the taxpayers a notice of the deficiency, and the taxpayers may file a petition in the Tax Court for redetermination of the deficiency. *See* I.R.C. §§ 6212, 6213.

[2] Although the petition from this previous Tax Court case is not part of the record before us, the Goldens have repeatedly admitted that the three-year statute of limitations was asserted in the 1990 action. *See* J.A. at 230 (Trial Tr. at 12); Golden Br. at 17; Reply Br. at 3.

§ 6331 and of the Goldens' right to administrative appeal under § 6330.[3]  This notice of proposed collection action forms the basis of the case before us.

On September 15, 2003, the Goldens timely filed their request for a Collection Due Process ("CDP") hearing before an IRS Appeals Officer under § 6330, along with a Form 8857, which requested innocent-spouse relief for Mrs. Golden.  The Goldens asserted, inter alia, that "[t]he statute of limitations for assessment of tax was not extended to 1994," that the ten-year statute of limitations on collection in I.R.C. § 6502 had expired, and that Mrs. Golden was entitled to innocent-spouse relief. J.A. at 26, 124 (Request for CDP Hearing). The Goldens had a CDP hearing before an IRS Appeals Officer, and the officer issued a Notice of Determination denying relief on August 11, 2004.  The officer found that the collection was not time barred, but the discussion focused on the applicability of the ten-year statute of limitations on collection, a challenge that the Goldens have now dropped.[4]  The officer also found that neither of the three types of innocent-spouse relief provided by § 6015 applied to Mrs. Golden.

On September 10, 2004, the Goldens timely filed a petition in the Tax Court for review of the IRS Appeals Officer's determinations.  Among other things, the petition alleged that the collection was barred by both the three-year statute of limitations on assessment and the ten-year statute of limitations on collection and that Mrs. Golden was entitled to innocent-spouse relief.  The Commissioner answered on November 4, 2004, alleging as "a defense to the interpreted assignment of error that the statute of limitation bars the collection of the tax due" that "the respondent's records reflect that the respondent assessed the petitioners' tax liabilities for [the relevant tax years] on May 10, 1994 after the entry of the stipulated Decision by [the Tax] Court on February 7, 1994 for Docket No. 18777-90." J.A. at 20 (Answer at 7). The stipulated decision was mentioned elsewhere in the answer and attached as an exhibit.

On December 17, 2004, the Commissioner filed a motion for partial summary judgment "on the issues with respect to the application of the statutes of limitations." J.A. at 41 (Mot. for Partial Summ. J. at 1).  Regarding the three-year statute of limitations, the Commissioner argued that res judicata and collateral estoppel barred this claim, because the claim could have been presented in the prior Tax Court action.  The Goldens then filed an objection to the motion for partial summary judgment, arguing in part that the issue of the three-year statute of limitations was not precluded by collateral esstoppel or res judicata because the issue was never litigated and "the passage of substantial time allows the raising of the statutes of limitation based on new dates and new facts." J.A. at 132-34 (Pet'r Objections at 5-7).

At the hearing on the motion, held on March 15, 2005, Mr. Golden admitted that he "could have raised the three-year statute" during the previous Tax Court proceeding. J.A. at 160 (Summ. J. Hr'g Tr. at 9).  After the hearing, the court granted the Goldens' request to file a supplemental brief opposing summary judgment.  Although the Goldens's pre-hearing objections had addressed res judicata and collateral estoppel, they now claimed that they "were taken aback by the Court's question because *Res Judicata* was not mentioned in the written motion by the Respondent, nor was it pled as an affirmative defense by the Respondent," and argued that the Commissioner waived

---

[3] Section 6330(a)(1) provides that "[n]o levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made."  The remainder of the section provides the procedures through which the notice and hearing are to be administered.

[4] The ten-year statute of limitations on collection was again raised before the Tax Court and in the Goldens briefs on appeal to this court.  At oral argument, however, the Goldens conceded that the ten-year statute of limitations has not yet run, abandoning this argument.  Because the application of § 6502 is no longer before this court, we will not decide this issue.

these affirmative defenses by not raising them in the pleadings.  J.A. at 138 (Pet'r Br. in Supp. of a Denial of Resp't Mot. for Summ. J. at 2).

The Tax Court granted the Commissioner's motion for partial summary judgment, finding "as a matter of law that petitioners are barred from contesting the existence, amounts, and timeliness of the underlying assessments in this case, and that the period of limitations on collection of the assessments here has not expired."  J.A. at 174 (T.C. Memo 2005-170 at 11).  The court found that the three-year statute-of-limitations argument was precluded both under I.R.C. § 6330(c)(2)(B), which limits the types of claims that may be raised in a CDP hearing, and by the doctrine of res judicata.  In response to the Goldens' claim of surprise as to res judicata, the court "call[ed] petitioners' attention to pages 16 through 20 of respondent's motion."  J.A. at 169 (T.C. Memo 2005-170 at 6).  The court found that the stipulated judgment was a judgment on the merits and concluded that

> The validity of the notice of deficiency is a matter that could have been raised and litigated in connection with the deficiency proceeding, involving these same petitioners, and the same tax years.  Because the decision in that case was not appealed and has since become final, res judicata precludes petitioners from now disputing the amounts of the deficiencies or the timeliness of the statutory notice in this collection action.

J.A. at 171-72 (T.C. Memo 2005-170 at 8-9).  The Tax Court's grant of summary judgment disposed of the Goldens' challenge to the collection action itself, leaving only the issue of innocent-spouse relief.

On June 14, 2006, Tax Court held a trial on this remaining issue, at which both Mr. and Mrs. Golden testified.  On October 1, 2007, the Tax Court upheld the IRS Appeals Officer's determination that Mrs. Golden was not entitled to innocent-spouse relief under any provision of § 6015.  With regard to § 6015(b), the Tax Court agreed that the facts did not meet three of the requirements for relief:

> The erroneous items, the losses from the partnership, are not attributable solely to Golden. Petitioner admits that the investment in the partnership was explained to her and that she was aware of her status as a limited partner.  She further admits that she received the annual reports from the partnership listing her losses, that Golden truthfully discussed the partnership with her regularly, and that she willingly signed the tax returns for the subject years without reviewing them.  As to the latter point, a reasonably prudent person in the position of petitioner, a college-educated individual, would have reviewed each return and at least inquired about the losses reported each year.  As this Court has previously stated in similar settings, a spouse cannot escape tax responsibilities by ignoring the contents of a tax return when signing it.  Given that petitioner has a college degree, that she had full access to joint bank accounts, that she balanced the couple's checkbook, that she knew of her status as a limited partner in the partnership, and that she failed to discharge her duty of inquiry, petitioner is deemed to have had reason to know of the understatements on the income tax returns for the years at issue.

J.A. at 283-84 (T.C. Memo 2007-299 at 5-6) (citations omitted).  On October 29, 2007, the Tax Court issued an order and decision sustaining the IRS Appeals Officer's determinations.  The Goldens now timely appeal both this order and the Tax Court's earlier grant of summary judgment to the Commissioner.

## II.  ANALYSIS

### A.  Challenge to the Timeliness of the Assessment

We review de novo the Tax Court's grant of summary judgment.  *See Living Care Alternatives of Utica, Inc. v. United States*, 411 F.3d 621, 625 (6th Cir. 2005).  When reviewing an administrative determination under I.R.C. § 6330(d), the Tax Court reviews de novo decisions about the underlying tax liability and reviews all other decisions for abuse of discretion.  *Hoffman v. Comm'r*, 119 T.C. 140, 144-45 (2002).  The Commissioner argues that the timeliness of the assessment is not a decision about the underlying tax liability.  We need not decide this issue, however, because the Tax Court did not err in granting summary judgment under either standard.

The Tax Court found that the Goldens' challenge to the timeliness of the assessment based on the three-year statute of limitations was precluded for two independent but related reasons.  Both of these grounds, the proper scope of a CDP hearing and the doctrine of res judicata, are based on the argument that any challenge to the timeliness of the assessment should have been made, if at all, when the Goldens received statutory notice of deficiency in 1990.

A CDP hearing is a specific administrative procedure, set out in I.R.C. § 6330, through which taxpayers may challenge proposed collection actions brought by the IRS.  Taxpayers may raise only certain types of challenges by way of a CDP hearing:

> (A)  In general.—The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including—
>
> > (i)  appropriate spousal defenses;
> >
> > (ii)  challenges to the appropriateness of collection actions; and
> >
> > (iii)  offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.
>
> (B)  Underlying liability.—The person may also raise at the hearing challenges to the *existence or amount of the underlying tax liability* for any tax period *if the person did not receive any statutory notice of deficiency* for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

§ 6330(c)(2) (emphasis added).  Section 6330 therefore provides an administrative hearing for taxpayers to challenge the IRS's proposed *collection* of taxes, and the Tax Court proceeding was limited to review of that administrative hearing.  *See* § 6330(d)(1).  Under this statutory scheme, challenges to the underlying tax liability should generally be brought when the taxpayer first receives a notice of deficiency, at which point the taxpayer may petition the Tax Court for redetermination of the deficiency.  *See* § 6213(a). Because the Goldens did receive a "statutory notice of deficiency" in 1990 and because prior Tax Court precedent dictated that the timeliness of

the assessment goes to the "underlying tax liability,"**[5]** the Tax Court found that § 6330(c)(2)(B) precluded the Goldens from raising the statute of limitations on assessment in the CDP hearing.

In addition to the specific proscription in § 6330(c)(2)(B), the Tax Court also relied on the doctrine of res judicata to preclude the Goldens' timeliness challenge. Because the Goldens had an opportunity to raise the timeliness of the assessment in their 1990 challenge to the notice of deficiency, the Tax Court found that the stipulated decision in that case precluded them from raising that claim in this later action. Like § 6330(c)(2)(B), this ground for finding the challenge precluded is based in the idea that the Goldens should have raised the timeliness of the assessment after receiving the notice of deficiency in 1990. While res judicata relies on the fact that the Goldens filed a challenge to the tax that resulted in a final judgment, § 6330(c)(2)(B) would preclude a challenge to the underlying tax liability regardless of whether the Goldens had actually filed a challenge to the notice of deficiency.

Despite the connection between the two grounds relied upon by the Tax Court, the Goldens' opening brief does not address the Tax Court's finding under § 6330(c)(2)(B). Although the Goldens do mention § 6330(c)(2)(B) in their reply brief, their argument was forfeited when it was not raised in the opening brief. *See Pagan v. Fruchey*, 492 F.3d 766, 769 n.1 (6th Cir. 2007) (en banc). In any event, the Tax Court did not err in finding that the statute-of-limitations argument also was precluded by res judicata.

The Goldens argue that res judicata should not apply because the Commissioner waived the res judicata argument by not raising it in the answer and because the statute-of-limitations challenge could not have been decided in the earlier Tax Court action. Both of these arguments fail.

### 1. Waiver of Res Judicata

The Goldens' waiver argument is based on Rule 39 of the Tax Court Rules of Practice and Procedure, which provides in part, "A party shall set forth in the party's pleading any matter constituting an avoidance or affirmative defense, including res judicata . . . ." The Goldens argue that Rule 39 precludes the Commissioner's res judicata argument because it was raised by motion rather than in the answer. Although the answer mentions the stipulated decision and the decision is attached as an exhibit to the answer, the Goldens are correct that the answer does not explicitly raise the decision's preclusive effect. We conclude, however, that the Commissioner effectively raised res judicata in the motion for summary judgment, which was filed shortly after the answer and caused no prejudice to the Goldens.

In the context of Rule 8(c) of the Federal Rules of Civil Procedure, which is substantially similar to Tax Court Rule 39, it is "clearly established that res judicata can also be raised by motion," *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981), particularly where no prejudice is shown, *see Platsis v. E.F. Hutton & Co.*, 946 F.2d 38, 42 (6th Cir. 1991), *cert. denied*, 503 U.S. 984 (1992); *see also Hutcherson v. Lauderdale County, Tenn.*, 326 F.3d 747, 757-58 (6th Cir. 2003) (raising res judicata sua sponte). We see no reason not to apply the same principles to Tax Court Rule 39, particularly when the Tax Court has noted that affirmative defenses

---

**[5]** Although several courts have stated that the timeliness of the assessment goes to the underlying tax liability for purposes of § 6330(c)(2)(B), *see, e.g.*, *Kindred v. Comm'r*, 454 F.3d 688, 699 (7th Cir. 2006); *Olender v. Comm'r*, 96 T.C.M. (CCH) 125 (2008), the Commissioner's brief states that the IRS has now taken a contrary position. Because administrative determinations of the underlying tax liability are reviewed by the Tax Court de novo, while other administrative determinations are reviewed for abuse of discretion, the Commissioner argues that issues involving the statute of limitations actually relate to the unpaid tax under § 6330(c)(2)(A), providing for a standard of review more deferential to the IRS's administrative determination. As discussed below, however, we need not decide this question, both because the Goldens have forfeited this issue and because any challenge to the timeliness of the assessment is precluded under the doctrine of res judicata.

may be raised in the pleadings "or by motion." *Likins-Foster Honolulu Corp. v. Comm'r*, 50 T.C.M. (CCH) 1465 (1985); *Jefferson v. Comm'r*, 50 T.C. 963, 966 (1968).

Although the Goldens argue that they "have a right to rely upon the Rules of the Tax Court in presenting their case and in the hearing and determinations of their case," Golden Br. at 20, they have shown no prejudice. Their assertion to the Tax Court that they were unfairly surprised at the hearing was disingenuous, as they had responded to this very argument almost two months prior to the hearing. The motion for partial summary judgment was filed only three months after the petition for review and one and a half months after the answer, leaving the Goldens almost four months to respond before the hearing. Even if that short delay did cause any prejudice, it was cured when the Tax Court allowed the Goldens to file an additional brief after the hearing. Further, the answer referred to the stipulated decision twice and attached it as an exhibit, giving the Goldens notice that it would be used as a defense. For these reasons, the Tax Court did not err in allowing the Commissioner to raise the affirmative defense of res judicata by motion.

## 2. Application of Res Judicata

The Tax Court also correctly found that res judicata precluded the Goldens from raising the three-year statute of limitations as a defense to the levy action, because "[t]he validity of the notice of deficiency is a matter that could have been raised and litigated in connection with the deficiency proceeding, involving these same petitioners, and the same tax years." J.A. at 171 (T.C. Memo 2005-170 at 8). Under the doctrine of res judicata, also known as claim preclusion, a party is precluded from bringing a claim when there exists

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies[';] (3) an issue in the subsequent action which was litigated or should have been litigated in the prior action; and (4) an identity of the causes of action.

*United States v. Vasilakos*, 508 F.3d 401, 406 (6th Cir. 2007) (alteration in original) (quoting *Saylor v. United States*, 315 F.3d 664, 668 (6th Cir. 2003)). In the tax context, "if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year." *Comm'r v. Sunnen*, 333 U.S. 591, 598 (1948); *see also Baker v. IRS (In re Baker)*, 74 F.3d 906, 910 (9th Cir.), *cert. denied*, 517 U.S. 1192 (1996).

The Goldens challenged the notice of deficiency in the Tax Court in 1990, and a stipulated decision was entered in that case in 1994. For purposes of res judicata, a stipulated decision "has the full effect of final judgment." *Blakely v. United States*, 276 F.3d 853, 866 (6th Cir. 2002); *see also Baker*, 74 F.3d at 910; *United States v. Shanbaum*, 10 F.3d 305, 313 (5th Cir. 1994); *accord United States v. Int'l Bldg. Co.*, 345 U.S. 502, 506 (1953). It does not matter, as the Goldens argue, that the Tax Court in the 1994 case never actually decided this issue, because res judicata binds the parties "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Sunnen*, 333 U.S. at 597 (quoting *Cromwell v. County of Sac*, 94 U.S. 352, 352 (1876)).

The Goldens argue that they could not have challenged the timeliness of the assessment because it was not made until after the proceeding was concluded, but Mr. Golden conceded at the summary-judgment hearing that they "could have raised the three-year statute" in the 1990 proceeding. J.A. at 160 (Summ. J. Hr'g Tr. at 9). This argument is even more strange given Mr. Golden's testimony at trial that he "raised the issue in the pleadings [in the 1990 proceeding], both the ten year statute for collection and the three year statute for assessment," J.A. at 230 (Trial Tr. at 12), and the admissions in the Goldens' briefs and at oral argument that they did in fact raise this

issue in the previous Tax Court proceeding. Although the assessment had not yet been made, the Goldens had received a notice of deficiency, which served as statutory notice that the taxes would be assessed to their account, *see* I.R.C. § 6213(a), allegedly after the statute of limitations had expired. Upon receiving this notice, they could have, and admittedly did, argue that the three-year statute of limitations on assessment had already run. When the Goldens agreed to a stipulated decision, they settled all claims that were or could have been raised in that case, including the statute of limitations. The Goldens are therefore precluded from asserting these same challenges almost ten years later.

## B.  Innocent-Spouse Relief

The Tax Court's ruling that Mrs. Golden did not meet the requirements for innocent-spouse relief is a finding of fact reviewed for clear error. *Richardson v. Comm'r*, 509 F.3d 736, 740 (6th Cir. 2007); *Silverman v. Comm'r*, 116 F.3d 172, 173 (6th Cir. 1997). Because the availability of innocent-spouse relief is not a decision about the underlying tax liability, the determination of the IRS Appeals Officer should be upheld by the Tax Court absent an abuse of discretion. *See Living Care*, 411 F.3d at 625-26 & n.5.

The Tax Court did not clearly err in upholding the IRS Appeals Officer's determination that Mrs. Golden was not entitled to innocent-spouse relief. Generally, taxpayers filing joint returns are jointly and severally liable for the tax owed. I.R.C. § 6013(d)(3). Under the innocent-spouse provisions of I.R.C. § 6015, however, one spouse may be relieved of this liability. Although the Tax Court considered and rejected Mrs. Golden's claims to all three distinct types of relief provided for by § 6015, the Goldens appeal only the decision denying relief under § 6015(b). Section 6015(b) provides for relief from liability if the taxpayer meets five requirements:

(A) a joint return has been made for a taxable year;

(B) on such return there is an understatement of tax attributable to erroneous items of one individual filing the joint return;

(C) the other individual filing the joint return establishes that in signing the return he or she did not know, and had no reason to know, that there was such understatement;

(D) taking into account all the facts and circumstances, it is inequitable to hold the other individual liable for the deficiency in tax for such taxable year attributable to such understatement; and

(E) the other individual elects (in such form as the Secretary may prescribe) the benefits of this subsection not later than the date which is 2 years after the date the Secretary has begun collection activities with respect to the individual making the election.

§ 6015(b)(1). Accordingly, failure to meet any one of these requirements precludes relief. *Silverman*, 116 F.3d at 173 (interpreting nearly identical predecessor statute, I.R.C. § 6013(e)(1)).

The Tax Court found that Mrs. Golden failed to meet the second, third, and fourth requirements. On appeal, the Goldens contest only the Tax Court's finding with respect to the third requirement. Because the Goldens have failed to contest the Tax Court's findings that relief is precluded by failure to meet the second and fourth elements, each of which is an independent ground for denying relief, and because the Goldens have failed to point to any evidence supporting a conclusion contrary to that of the Tax Court, we affirm the Tax Court's decision without considering the Goldens' argument as to the third requirement.

## III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the Tax Court.