**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0413n.06

**No. 08-1386**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Jun 09, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| MARVIN LEE SMITH, | ) | WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before: SILER, COOK, and GRIFFIN, Circuit Judges.

COOK, Circuit Judge. Marvin Lee Smith pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The district court sentenced him to 78 months' imprisonment. Smith appeals, arguing that the district court erred by enhancing his sentence under § 2K2.1(b)(6) of the Sentencing Guidelines, for using or possessing a firearm or ammunition in connection with another felony offense. We affirm.

I.

On April 18, 2005, according to reports from the Lansing, Michigan Police Department, officers pulled over a car after hearing a loud crash followed by two gunshots. As the driver, Andrew Stewart, exited the vehicle, officers saw Smith—who was sitting in the front passenger

seat—lean over toward the driver's seat. After arresting both Smith and Stewart, officers searched the car and found a loaded 9mm handgun under the driver's seat and a 9mm casing on the roadway.

A witness, Navene Button, approached police and told them she saw an argument between occupants of a van and a car matching the description of Smith's car. Button claimed that after the two vehicles drove a short distance, the front-seat passenger of the car got out, ran toward the van, and fired a shot at it. Her account corresponded with the place in the road where officers found the shell casing.

Stewart told police that while driving Smith's car he noticed a van following them and pulled over. He said Smith got out of the car and a Hispanic male got out of the van, and the latter began yelling at Smith and smashed the car window with his fist. Smith fired his gun several times toward the van and returned to the car, directing Stewart to drive. After going a short distance, Smith again jumped out of the car and shot at the van. Police stopped the car before they could drive away.

Smith's version of events differs in some key respects. He acknowledges firing the gun after the Hispanic driver broke his car window, but maintains that he fired only once and that he fired into the air—not toward the van or any person.

Smith pleaded guilty to being a felon in possession of a firearm. The Presentence Investigation Report ("PSR") recommended a four-level enhancement to his sentence pursuant to U.S.S.G. § 2K2.1(b)(6), for using or possessing a firearm or ammunition in connection with another

felony offense. The PSR stated that Smith "fired the firearm at a second occupied vehicle according to several witnesses, including Mr. Stewart. This behavior reflects a felonious assault." Smith filed a formal objection to the enhancement, arguing that firing a gun into the air constitutes a misdemeanor offense of illegally discharging a firearm or a lesser offense, or an act of self-defense. The district court heard argument on Smith's objection and overruled it, imposing a sentence of 78 months. Smith timely appealed.

II.

Smith contends that the district court erred by applying the sentencing enhancement for using or possessing a firearm or ammunition in connection with another felony offense, *see* U.S.S.G. § 2K2.1(b)(6), because the evidence was insufficient to support the district court's finding that he committed felonious assault. In our review, we "accept[] the findings of fact of the district court unless they are clearly erroneous and shall 'give due deference to the district court's application of the guidelines to the facts.'" *United States v. Richardson*, 510 F.3d 622, 625 (6th Cir. 2007) (quoting *United States v. Hill*, 79 F.3d 1477, 1481 (6th Cir. 1996)). "[I]f the district court's account of the evidence is plausible in light of the record as a whole, the reviewing court may not reverse it even if the court is convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently." *United States v. Hopkins*, 295 F.3d 549, 551 (6th Cir. 2002).

Specifically, Smith disputes the district court's finding that he fired two shots (rather than just one), and that he fired a shot at the van. First, he argues that Stewart's story is "unworthy of

belief." He points out that Stewart admitted to being a "crack head" out looking for drugs the night of the arrest, and asserts that Stewart's account was a "self-serving story aimed at keeping himself out of trouble."

The district court may consider hearsay evidence at sentencing so long as it "bear[s] some minimal indicia of reliability." *United States v. Silverman*, 976 F.2d 1502, 1512 (6th Cir. 1992) (en banc) (quoting *United States v. Robinson*, 898 F.2d , 1111, 1115 (6th Cir. 1990). If the defendant challenges the evidence, he "must establish that [it] is materially false or unreliable." *Id* (quoting *Robinson*, 898 F.2d at 1116) (emphasis omitted). Here, the district court considered Smith's objection to Stewart's statement, but found that reports from both the police and Button corroborated Stewart's story: the police heard two gunshots, with a delay in between, and Button said she saw the front-seat passenger leave his car and shoot at the van. *See United States v. Paull*, 551 F.3d 516, 527 (6th Cir. 2009) (finding hearsay evidence sufficiently reliable where other witnesses gave corroborating statements). Moreover, the district court did not base its sentencing decision on Stewart's report alone, but on the combined statements of Stewart, Button, and the Lansing police officers. *See Silverman*, 976 F.2d at 1512 (noting that a defendant challenging evidence must establish that the "unreliable information actually served as the basis for the sentence").

Next, Smith complains that the district court relied on witness statements that were "internally inconsistent and there was no explanation as to why the version ultimately selected by the district court was relied upon." The police, Smith notes, reported hearing the second gunshot

"as they observed the vehicle turn," but did not mention seeing Smith get out of the car. Button said she saw Smith fire a shot at the van, but mentioned only one shot, not two. Stewart claimed that Smith fired multiple shots at the van and, finally, Smith himself stated that he fired only one shot, and that it was in the air—not toward the van. The evidence, Smith argues, therefore insufficiently supports the finding that he committed felonious assault.

Smith's contention cannot withstand this court's clear-error review. The police said they heard two shots, Button described Smith exiting the car and shooting at the van, and Stewart reported at least two shots—with a delay in between—and Smith firing at the van. Police found an expended shell casing at the intersection where Button claimed to have seen a man shoot at a van. The district judge explained his conclusion as follows:

> And I think what clinches the evidentiary analysis for this Court is the second shot. The first one [is] perhaps arguable, but when Mr. Stewart is starting to drive away with Mr. Smith, Mr. Smith, according to Mr. Stewart, orders the car stopped, he gets out and fires again, which I believe is coincident with Paragraph 12 [of the PSR] in the independent witness's description. I think at that point Mr. Smith has committed a felonious assault.

Smith protests that the shot Button observed could not have been the second shot, because the police officers who heard the second shot did not report seeing Smith exit the car. The PSR, however, does not elucidate what the police officers saw, stating only that "as [the officers] observed the vehicle turn, they heard a second gunshot." The car may have turned out of the officers' sight before they heard the second shot, or they may have otherwise failed to see Smith leave his car. Both

Stewart and Button reported seeing Smith fire his gun at the van; thus, the district court did not clearly err in so finding.

Smith also argues that there was no evidence that any person occupied the van when he allegedly fired the second shot, but he is mistaken. Button stated that Smith jumped out of his car "when the van returned" and shot at it—implying that at least a driver occupied the van. Stewart reported that a woman occupied the passenger seat of the van throughout the entire encounter.

Finally, Smith claims in his reply brief that U.S.S.G. § 1B1.3—which permits a district court to consider a broad range of conduct in applying sentencing enhancements—is unconstitutional. By failing to raise this argument in his opening brief, Smith has forfeited it. *See Golden v. Comm'r*, 548 F.3d 487, 493 (6th Cir. 2008). But even were this court to address the issue, it is meritless: district courts may consider relevant conduct. *See, e.g.*, *Silverman*, 976 F.2d at 1512–13.

III.

Because the district court did not err by enhancing Smith's sentence, we affirm.