**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ARMAN SULTANYAN, | No. 06-73750 |
| Petitioner, | Agency No. A77-104-520 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General | |
| Respondent. | |

On Petition for Review of an Order of
The Board of Immigration Appeals

Argued and Submitted November 1, 2010
Pasadena, California

Before: GOODWIN and RAWLINSON, Circuit Judges, and ZOUHARY, District Judge.[**]

Petitioner Arman Sultanyan (Sultanyan) challenges the Board of Immigration

Appeals (BIA) decision affirming the Immigration Judge's (IJ) decision that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Sultanyan is inadmissible on the charge of alien smuggling and denial of Sultanyan's application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

The BIA did not err by failing explicitly to address Sultanyan's arguments challenging the IJ's alien smuggling determination. "Where the BIA expresses no disagreement with any part of the IJ's decision, but instead cites *In re Burbano*, as it did here, the BIA adopts the IJ's decision in its entirety." *Figueroa v. Mukasey*, 543 F.3d 487, 491 (9th Cir. 2008) (citing *Abebe v. Gonzales*, 432 F.3d 1037, 1039-40 (9th Cir. 2005) (en banc)). "A *Burbano* affirmance signifies that the BIA has conducted an independent review of the record and has determined that its conclusions are the same as those articulated by the IJ." *Figueroa*, 543 F.3d at 491. "In such a case, we review the IJ's decision as if it were the decision of the BIA." *Id.*

Substantial evidence supports the IJ's adverse credibility determination in finding Sultanyan inadmissible on the alien smuggling charge. The IJ's determination must be upheld if supported by reasonable, substantial, and probative evidence in the record. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Sultanyan has not shown that the evidence compels a different determination from that rendered by the IJ with respect to each ground cited in support of the adverse credibility

determination. *See Zheng v. Ashcroft,* 397 F.3d 1139, 1143 (9th Cir. 2005); *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002).

Substantial evidence supports the IJ's adverse credibility determination in denying Sultanyan's asylum application. Sultanyan has not shown that the evidence compels a different determination from that rendered by the IJ with respect to each ground cited in support of the adverse credibility determination. *See Zheng,* 397 F.3d at 1143; *Molina-Estrada*, 293 F.3d at 1093.

The IJ did not err in denying Sultanyan's application for withholding of removal. Because the IJ found Sultanyan ineligible for asylum, Sultanyan necessarily failed to establish his eligibility for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (holding that an applicant who fails to satisfy the lower standard of proof for asylum necessarily fails to satisfy the more stringent standard for withholding of removal).

The BIA did not err in refusing to consider Sultanyan's newly proffered evidence on appeal. Generally, "the BIA is not obligated to accept all materials tendered by a party after an immigration hearing." *See Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 381 (9th Cir. 2003). Moreover, in the instant case, the photographs and statements offered by Sultanyan could have been obtained and presented at his original hearing before the IJ. This was not new evidence. This proffer of evidence

to the BIA is not appropriate unless it appears to the Board that such evidence "is material and was not available and could not have been discovered or presented at the former hearing . . ." 8 C.F.R. § 1003.2(c)(1).

**AFFIRMED.**