NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0116n.06

Case No. 20-1772

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| PATRICK'S PAYROLL SERVICES, INC., | ) | **FILED** |
|  | ) | Mar 03, 2021 |
| Petitioner-Appellant, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES TAX COURT |
|  | ) |  |
| COMMISSIONER OF INTERNAL REVENUE, | ) |  |
|  | ) | O P I N I O N |
| Respondent-Appellee. | ) |  |
|  | ) |  |

BEFORE:   COLE, Chief Judge; STRANCH and THAPAR, Circuit Judges.

COLE, Chief Judge.   Patrick's Payroll Services appeals the Tax Court's summary judgment, arguing that it had the right to challenge its tax liability under I.R.C. § 6330. Section 6330 allows taxpayers to challenge the existence or amount of their tax liability only if they "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." I.R.C. § 6330(c)(2)(B). Patrick's Payroll argues that it is entitled to contest its liability even though it had a prior opportunity to dispute its liability because paragraph (c)(2)(B) should be read disjunctively to allow taxpayers to dispute liability anytime the taxes in issue are not the type of taxes for which deficiency notices are issued. After de novo review, we reject that interpretation of Section 6330 and affirm the Tax Court's decision. *Golden v. Commissioner*, 548 F.3d 487, 492 (6th Cir. 2008).

## I.  BACKGROUND

### A.  Factual Background

Patrick's Payroll was an employee leasing company that provided payroll services to a private security company in 2010 and 2011.  Patrick's Payroll paid its employees' wages and issued W-2 forms to them in 2010 and 2011.  It did not, however, pay employment taxes to the IRS or file the required employment tax returns.

In a tax audit, an IRS revenue agent determined that Patrick's Payroll owed $985,627 in taxes and penalties based on the wages it reported on its W-2 forms.  The revenue agent sent Patrick's Payroll a "30-day letter" which proposed employment tax liabilities and informed the taxpayer that it could contest the liability by requesting a conference with the Appeals Office within 30 days.  Taxpayer did not request a conference, so the IRS assessed the proposed amounts.

The IRS then issued a notice of intent to levy, which notified Patrick's Payroll of its right to a collection due process hearing pursuant to Section 6330(a).  The taxpayer requested a hearing and contested the amount of liability assessed, claiming that it had begun operations in September 2010 and was not responsible for employment taxes assessed before that time.  The Appeals Office determined that the proposed collection action could proceed.  Patrick's Payroll then petitioned the Tax Court for review of that determination.

In front of the Tax Court, the taxpayer again contested the amount assessed and the Commissioner moved for summary judgment.  In its motion, the Commissioner explained that the taxpayer may contest the underlying tax liability only if it "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  The Commissioner noted that Patrick's Payroll was mailed a 30-day letter and given an opportunity to dispute the underlying liability and therefore could not contest the liability at the

collection hearing. Patrick's Payroll argued in response that an "opportunity to dispute" required judicial review, not simply review by the IRS. The Tax Court rejected the taxpayer's argument, holding that a conference with the Appeals Office constitutes an opportunity to dispute, as it had already established in a 2007 opinion and as every court of appeals to consider the issue has since agreed. The Tax Court granted summary judgment and the taxpayer filed a motion to reconsider.

In its motion to reconsider, the taxpayer raised a new argument—even if it had a prior opportunity to dispute, it still had the right to dispute its tax liability in the collection hearing because it had not received a notice of deficiency. Patrick's Payroll argued that I.R.C. § 6330(c)(2)(B) must be read disjunctively to allow taxpayers to challenge liability either when they do not receive a notice of deficiency or when they do not have an opportunity to dispute. The Tax Court denied the motion to reconsider and the taxpayer appealed the final decision to this court, making the same statutory interpretation argument.

## B. Statutory Background

The Internal Revenue Code directs the Secretary of Treasury to assess and collect federal taxes. Under that authority, the IRS has established procedures to collect tax deficiencies and associated penalties and has established processes for taxpayers to dispute their liabilities. *See* 26 U.S.C. § 6011. Deficiency notices are sent to taxpayers whose taxes are subject to deficiency procedures. These include income taxes, estate and gift taxes, and some excise taxes. I.R.C. §§ 6211-13. Other taxpayers do not receive deficiency notices, such as those that owe employment taxes, some excise taxes, or tax penalties. I.R.C. §§ 6696(b), 6703(b). In those cases, the tax examiner issues a "30-day letter," but not a notice of deficiency, before assessing the liability. That letter gives the taxpayer the opportunity to contest its liability to the Appeals Office. The Appeals Office may choose to approve or abate the liability.

If the IRS decides to levy against property to collect, it must notify the taxpayer of its right to a hearing known as a "collection due process hearing." I.R.C. § 6330(a)-(d). Collection hearings are conducted by the IRS Appeals Office. The Appeals Officer must consider whether the IRS has met all legal and procedural requirements, consider defenses, and ensure that the collection is no more intrusive than necessary. I.R.C. § 6330(c)(3). The taxpayer may raise other relevant issues at the hearing, but Congress limited the taxpayer's ability to contest the amount or existence of the underlying tax liability at the hearing. A taxpayer may challenge the amount or existence of its tax liability only where the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." I.R.C. § 6330(c)(2)(B).

## II. ANALYSIS

Because Patrick's Payroll raised its interpretation of Section 6330 for the first time in a motion for reconsideration, we need not consider it on appeal. *Evanston Ins. Co. v. Cogswell Properties, LLC*, 683 F.3d 684, 692 (6th Cir. 2012) ("Arguments raised for the first time in a motion for reconsideration are untimely and forfeited on appeal."). Notwithstanding its untimeliness, we conclude the argument would fail anyway.

Our analysis can begin and end with the text of Section 6330. The statute specifies that a taxpayer may challenge underlying tax liability in a collection hearing if it "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." I.R.C. § 6330(c)(2)(B). Patrick's Payroll argues that it needs to meet only one of the two conditions. In other words, because it did not receive a notice of deficiency, it may contest its tax liability despite otherwise having had an opportunity to dispute its liability in a prior hearing. That is not a natural reading of the statute.

Sometimes the word "or" creates a set of independent conditions. *See, e.g.*, *United States v. Mitchell*, 743 F.3d 1054, 1058–59 (6th Cir. 2014) ("taking . . . goods . . . by violence or putting the person in fear"). Sometimes it doesn't. *See, e.g.*, *United States v. Woods*, 571 U.S. 31, 45 (2013) ("Vienna or Wein") (synonyms); *De Sylva v. Ballentine*, 351 U.S. 570, 573 (1956) ("the word 'or' is often used as a careless substitute for the word 'and'"); *Valadez-Lara v. Barr*, 963 F.3d 560, 567 (6th Cir. 2020) (reading the word "or" as "and" where "the statute requires proof of a negative").

Here the word "or" does not create disjunctive qualifications. Instead, the phrase "or does not otherwise" identifies a single operative criterion: not having a prior opportunity to dispute. And the statute provides one of the most common examples of such an opportunity: receiving a notice of deficiency. An example easily illustrates the plain meaning and ordinary usage of the phrase "or did not otherwise." *See Oyer v. Commissioner*, T.C. Memo 2003-178, 2003 WL 21384834, at *6 n.8. Imagine a child is told that she may have dessert "if she did not eat a cookie on the schoolbus or did not otherwise have sweets after school." *Id.* The clever child admits to eating sweets after school but claims that she is entitled to dessert because she did not eat a cookie on the bus. Eating sweets after school clearly violates the terms of the agreement and no parent would allow the child dessert. If the child were raised by lawyers, she might protest that her parents had unfairly made disjunctive criteria conjunctive: unreasonably requiring that she not eat a cookie on the bus *and* not eat any sweets after school. Her parents might explain that there never were two criteria, only one: to not eat sweets after school, not eating a cookie on the bus being a good example of the key directive.

Interpreting the statute in line with its plain meaning is also supported by Treasury regulations, the Tax Court's interpretation, and this court's previous explanations of Section 6330.

*See* 26 C.F.R. § 301.6330-1(e)(4) (explaining that after receiving an opportunity to dispute but no notice of deficiency, "[t]he taxpayer is precluded from challenging the existence or amount of the tax liability in a subsequent CDP hearing"); *Oyer*, 2003 WL 21384834, at *6 ("[T]he person seeking to challenge the underlying tax liability in a collection proceeding must not have had another opportunity to raise the challenge."); *Agility Network Servs., Inc. v. United States*, 848 F.3d 790, 794 (6th Cir. 2017) ("[I]f a taxpayer has not already had the opportunity to challenge his underlying tax liability, he may do so at the [collection] hearing."). We therefore reject the taxpayer's proposed interpretation of Section 6330.

### III.  CONCLUSION

We affirm the Tax Court's decision granting summary judgment to the Commissioner of Internal Revenue.