NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0337n.06

No. 21-6121

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Aug 18, 2022
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| CURTIS GORDON, JR., | ) | KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: SUTTON, Chief Judge; KETHLEDGE and READLER, Circuit Judges

KETHLEDGE, Circuit Judge. In this case, Curtis Gordon, Jr. seeks to relitigate tax liabilities that he and the IRS litigated to a final decision in the Tax Court in 2016. Gordon is barred from relitigating those issues now, which means the district court properly entered judgment in favor of the government here. We affirm the district court's judgment.

I.

A.

In the early 2000s, Gordon was a police officer in Louisville, Kentucky. On the side, Gordon owned some security companies, as to which he failed to report more than $100,000 in income on his returns for the 2003-05 tax years. In 2010, a jury convicted Gordon of filing false tax returns for those years, among other offenses. The district court sentenced Gordon to 39 months in prison.

In December 2013, the IRS sent Gordon a "notice of deficiency" in which it stated that—for the 2003, 2004, and 2005 tax years—Gordon owed civil-fraud penalties under 26 U.S.C. § 6663(a) in the amounts of $16,114, $22,580, and $38,491, respectively. (Those amounts equaled 75% of the amounts Gordon had fraudulently failed to report each year. *See id.* The IRS also stated that Gordon owed another $50 in taxes for 2003.) Two months later, Gordon filed a petition in the Tax Court, seeking a redetermination of his penalties for tax years 2003-05. In early November 2015—21 months after Gordon filed the petition—the Tax Court adjourned the case's trial date, based on the parties' representation that they were close to settlement. Days later, the parties filed with the Tax Court a "Stipulation of Settled Issues," which reflected the parties' "agreement" as to all "adjustments" the parties thought necessary to "the statutory notice of deficiency" that the IRS had sent Gordon. All those "adjustments" favored Gordon, who for his part agreed that he was "subject to the I.R.C. § 6663 penalty" for all three tax years. The IRS then recomputed Gordon's penalties for 2003-05, which were about $19,000 lower as a result of the stipulated adjustments.

Over the next month, Gordon failed to respond to several attempts by the IRS's counsel to obtain his agreement as to the recomputed penalty amounts. In January 2016, the IRS moved for the Tax Court to enter a decision in the IRS's favor as to the amount of Gordon's penalties as recomputed in light of the adjustments in the parties' stipulation. The Tax Court directed Gordon to respond to the IRS's motion within 30 days, but again Gordon did not respond. In April 2016, the Tax Court entered an Order and Decision in which it found that "there are penalties due from petitioner for the taxable years 2003, 2004, and 2005, under the provisions of I.R.C. § 6663, in the amounts of $16,114.50, $21,708.00, and $20,250.75, respectively."

B.

Those are the amounts that Gordon now seeks to relitigate here. In November 2018, the government brought this suit in the district court, seeking to reduce to judgment Gordon's total liability for tax years 2003-05, based upon the Tax Court's determination of Gordon's penalties for those years. *See generally* 26 U.S.C. § 7403. According to the government, that total liability—as a result of accrued interest—amounted to $329,712 as of the filing of the government's amended complaint. In Gordon's answer, he disputed the amount and validity of the penalties that the Tax Court had determined that he owed for tax years 2003-05. The government eventually moved for summary judgment, arguing that Gordon was precluded from relitigating matters decided in the Tax Court's Order and Decision. The district court agreed and entered judgment in favor of the government in the amount of $324,057, plus interest "that will continue to accrue[.]" This appeal followed.

II.

We review de novo the district court's grant of summary judgment. *Maben v. Thelen*, 887 F.3d 252, 258 (6th Cir. 2018).

Although the parties argue in terms of claim preclusion, we decide this appeal on the ground of issue preclusion. That doctrine "precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1594 (2020). The doctrine's requirements are plainly met here: Gordon himself petitioned the Tax Court to determine the amounts of his penalties for tax years 2003-05; the Tax Court actually determined those amounts, pursuant to the terms of a stipulation that Gordon himself signed; and Gordon had ample opportunity to contest those amounts before the Tax Court entered its Order and Decision. Gordon is therefore barred from

challenging those amounts now. *See Amos v. PPG Indus., Inc.*, 699 F.3d 448, 451 (6th Cir. 2012); *Golden v. Comm'r*, 548 F.3d 487, 495 (6th Cir. 2008). And Gordon has not disputed the government's computation of his total liability based on the amounts specified in the Tax Court's decision. That means his appeal is meritless.

Gordon does complain that the government waited until its motion for summary judgment to argue that he was barred from relitigating the Tax Court's decision. But Gordon (who in this suit has retained counsel) can hardly have been surprised that the government would argue he was bound by a recent decision entered pursuant to his own stipulation. Nor do we see any prejudice resulting from the government's failure to raise the issue sooner. Gordon had a full opportunity to respond to the government's motion for summary judgment; and he has not identified any discovery that would have been relevant to the preclusive effect of the Tax Court's decision. The district court was within its rights to consider the government's preclusion argument. *See Rogers v. Internal Revenue Serv.*, 822 F.3d 854, 857 (6th Cir. 2016).

The district court's judgment is affirmed.